ARTHUR KAHN, PLAINTIFF, v. THE AETNA CASUALTY AND SURETY COMPANY, DEFENDANT.

Submitted July 5, 1923—Decided January 7, 1924.

In determining the meaning of a provision in a contract, in which general words are used following those of a more particular character, the usual rule of construction is that the general words are to be regarded as limited in their meaning by those which they follow—that is, as being confined to the class to which their more specific associates belong.

---

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the rule, *Edward A. Markley* and *Charles W. Broadhurst.*

*Contra, Isidor Kalisch.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This suit was brought on a mercantile safe burglary policy, issued by the defendant company, insuring the plaintiff, who carried on business under the name of Empire Dental Laboratory, for all loss by burglary of certain property belonging to him, and described in condition "S" of the policy, provided the felonious abstraction of the property was from a certain safe, located on the plaint-

iff's premises, and made after entry into said safe by burglars through the use of tools, electricity, &c. Condition "S" of the policy limited the insurance to "gold and silverware, watches, jewelry, precious stones, and other merchandise of like character while contained in the safe."

At the trial the fact of the burglary was clearly proved, and the plaintiff claimed a right to recover, not only for certain gold and platinum which had been kept in and was abstracted from the safe, but also for a large quantity of material which was stored therein and taken therefrom, consisting of a varied assortment of artificial teeth, composed of porcelain. In support of his claim that the policy covered these artificial teeth, counsel for the plaintiff, anticipating that the general words of the condition, without more, might be held not to embrace them, called witnesses to prove that it was the clear understanding of the parties to the policy that these articles were covered by the general words referred to. This testimony was admitted over objection, and the defendant then met it by proof negativing the existence of such an understanding. At the close of the case the court left it to the jury to find for or against the plaintiff as they should determine the question whether or not such an understanding in fact existed, and counsel for the defendant duly excepted to this instruction. The jury returned a verdict in favor of the plaintiff.

The principal contention now made in behalf of the defendant is that the words used in condition "S" of the policy do not cover artificial teeth; that the admission of parol evidence offered for the purpose of enlarging their scope was legally improper, and that the charge of the court with relation to the effect to be given to it by the jury, in reaching a verdict, was harmful error.

In determining the meaning of a contractual provision like that before us, the maxim *"noscitur a sociis"* is usually applied; that is, the general words following words of a more particular character are regarded as limited in their meaning by the former. Stated in another way, general terms must

be confined to the class to which their more specific associates belong. *Freeholders of Morris* v. *Freeman,* 44 *N. J. L.* 631, 633. It is true that the maxim is not applicable where, from a reading of the whole instrument, it is apparent that it was the intent of the parties that the general words should not be so limited. 17 *Am. & Eng. Encycl.* (*2d ed.*) 6. But an examination of the policy in the present case discloses nothing which indicates an intent to include in the risk property of a different class from that in which gold and silverware, &c., &c., are embraced. It is, however, argued on behalf of the plaintiff that, giving the general words used in the clause their normal effect, artificial teeth are included therein, for the reason that they are admittedly of considerable value. But value alone, it seems to us, cannot be the test, for if it was, then all articles, without regard to their primary characteristics, would be embraced in the covering clause of the policy, if they were valuable, and the use of the preceding words designating particular articles of value which have specific characteristics would be mere surplusage. In our opinion, artificial teeth, although useful, valuable, and perhaps ornamental, are not of a like character with watches, jewelry, precious stones, or goods made of gold and silver, within the meaning of the words used in the policy, giving them their normal significance.

It is further contended by counsel for the plaintiff that, even if the words used in the policy do not, standing alone, indicate a purpose to include artificial teeth in the property insured, the testimony introduced at the trial justified the jury in finding that the parties to the contract intended that the policy should have the scope claimed for it by the plaintiff, and that the contention on the part of the defendant that this testimony was not competent for the purpose for which it was introduced is unsound.

Whether parol testimony is admissible for the purpose of enlarging the scope of general words beyond the limits which the context has placed upon them is a matter which this court has not heretofore directly decided and upon which there is

a variance of judicial view. The present case does not now call for a determination of that question, the reason being that an examination of the proofs sent up with the rule to show cause satisfies us that the verdict of the jury, which was, by necessary implication, based upon a finding that an understanding existed that artificial teeth were included in condition "S" of the policy, under the general words "other merchandise of like character," is contrary to the great preponderance of the evidence, and, for this reason, cannot be permitted to stand.

The conclusion reached by us on this phase of the case makes unnecessary a consideration of the other reasons advanced by the defendant for setting aside the verdict rendered against it.

The rule to show cause will be made absolute.